SUMMARY ORDER
Plaintiffs-Appellants appeal from the judgment of the United States District Court for the Southern District of New York (Cote, J.) dismissing their complaint and from the judgment granting Defendants-Appellees’ application for attorneys’ fees. We assume the parties’ familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.
After converting Defendants’ motion to dismiss into a motion for summary judgment, the district court granted the motion, finding that the relevant works are not substantially similar as a matter of law. See Mallery v. NBC Universal, Inc., No. 07 Civ. 2250, 2007 WL 4258196, 2007 U.S. Dist. LEXIS 88960 (S.D.N.Y. Dec. 3, 2007).
Although a district court generally should give parties specific notice of its intent to convert a motion to dismiss into a motion for summary judgment, specific notice is not required in all circumstances. See, e.g., Gurary v. Winehouse, 190 F.3d 37, 43 (2d Cir.1999). “The essential inquiry is whether the appellant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of reasonable opportunity to meet facts outside the pleadings.” Id. (internal quotation marks omitted). In this case, the district court concluded that the only materials pertinent to the motion for summary judgment were incorporated in the complaint by reference. Because the motion was decided by reviewing only materials contained in the pleadings, Plaintiffs -were not deprived of an opportunity to meet facts outside the pleadings.
Summary judgment was appropriate in this case because no reasonable jury could find that there was substantial similarity between Defendants’ television series, Heroes, and the original, protectible elements of Plaintiffs’ works. See Kregos v. Associated Press, 3 F.3d 656 (2d Cir.1993).
As the district court aptly described: Heroes is a hour-long suspense/drama that mixes moments of action, humor, and mystery as it follows an eclectic, international group of genetically enhanced heroes and their quest to prevent a catastrophic explosion in New York — an explosion that may be caused, it turns out, by one of their own number. The Letter, by contrast, is a fifteen-minute, documentary-style film with a jaunty soundtrack that presents an account of [the main characters’] attempt to warn Robert De Niro and Tribeea Films about September 11.... [T]he two stories are not similar in mood, details or characterization, and, indeed, differ in nearly every relevant way. The Twins also presents a stark contrast to Heroes; it is a sprawling, fantastical story about, among many other things, two spiritual “twins” who are married to one another and are members of a mysterious “Divination Clan.” ... [T]he context, presentation, plot lines, narrative structure, and style of the two works are substantially different....
Mallery, 2007 WL 4258196, at *8, 2007 U.S. Dist. LEXIS 88960, at *23-24 (cita *823 tion and internal quotation marks omitted). The few and isolated similarities that Plaintiffs have identified are unprotected ideas or scenes á faire. See generally MyWebGrocer, LLC v. Hometown Info, Inc., 375 F.3d 190, 194 (2d Cir.2004) (“Scenes a faire are unprotectible elements that follow naturally from a work’s theme rather than from an author’s creativity.”); Williams v. Crichton, 84 F.3d 581, 588 (2d Cir.1996).
Having dismissed Plaintiffs’ complaint, the district court acted within its discretion in granting Defendants’ application for attorneys’ fees. The district court properly concluded that Plaintiffs’ claims were objectively unreasonable, “as the profound dissimilarity between their works and Heroes was indeed ‘obvious.’ ” Given this conclusion, the district court did not abuse its discretion granting Defendants’ application for attorneys’ fees. See Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n. 19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) (approving of the district court’s consideration of a party’s “objective unreasonableness” when exercising discretion in award-' ing attorneys’ fees under the Copyright Act); see also Matthew Bender & Co. v. West Publ'g Co., 240 F.3d 116, 121 (2d Cir.2001) (“Subsequent to FogeHy, several other circuits have accorded the objective reasonableness factor substantial weight in determinations whether to award attorneys’ fees”).
We have considered Plaintiffs’ remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby AFFIRMED.